**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JUSTIN SHANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 2:25-cv-12 |
| | ) | Judge Stephanie L. Haines |
| JEFFERSON COUNTY et al., | ) | Magistrate Judge Kezia O.L. Taylor |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>MEMORANDUM ORDER</u>

Presently before the Court is Defendant PrimeCare Medical Inc.'s ("PrimeCare") Motion to Dismiss (ECF No. 77) a Second Amended Complaint in Civil Action filed pursuant to 42 U.S.C. § 1983 (ECF No. 62). *Pro se* Plaintiff Justin Shank ("Plaintiff") filed the Second Amended Complaint asserting that while he was incarcerated at Jefferson County Jail his civil rights were violated in various ways. As applied to PrimeCare, he asserts he was deprived of his prescribed mental health medications despite requesting the medications be reinstated which caused negative fallout.

PrimeCare filed its Motion to Dismiss (ECF No. 77) and Brief (ECF No. 78) on October 22, 2025. The Court ordered Plaintiff to file a response to the Motion by November 24, 2025 (ECF No. 79). Plaintiff did not file a responsive pleading. PrimeCare's Motion to Dismiss was referred to Magistrate Judge Kezia O.L. Taylor for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On May 21, 2026, Magistrate Judge Taylor filed a Report and Recommendation (ECF No. 83) recommending that the Motion to Dismiss (ECF No. 77) be granted without prejudice. While PrimeCare is a named defendant in the caption, ECF No. 62, p. 4, it is not a named party in the

1

"Parties" section, ECF No. 62, pp. 6-7, ¶¶ 5-15, nor were any plausible allegations made against PrimeCare. The Parties were advised that they had fourteen days to file written objections. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. No objections were filed, and the time to do so has expired.

Upon review of the record and the Report and Recommendation (ECF No. 83) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Taylor in this matter.

As stated, Plaintiff failed to procedurally include PrimeCare as a defendant in the Second Amended Complaint leaving it out as a listed defendant and noting its absence as a defendant under any listed count. Still, both Judge Taylor and Defendants address potential claims made against PrimeCare. Under Count VIII (beginning at ECF No. 62, p. 36) alleged against Jefferson County and Jefferson County Jail, Plaintiff states

> Defendant PrimeCare Medical, Inc., acting under color of state law and pursuant to contract with Jefferson County was responsible for providing all medical and psychiatric care at Jefferson County Jail during the relevant period of Plaintiff's incarceration. As the contracted healthcare provider, PrimeCare had a legal and constitutional duty to ensure that inmates with known severe medical or mental health conditions were appropriately diagnosed, monitored, and treated following community and constitutional standards of care.

ECF No. 62, pp. 37-37, ¶ 349. Plaintiff asserts that PrimeCare failed to conduct any psychiatric follow-up evaluation which amounted to deliberate indifference and gross negligence and that PrimeCare had a practice and custom of this negligent behavior. ECF No. 62, p. 38, ¶¶ 350-355. As a result, he suffered injury. *Id.* ¶ 355.

As both Defendants and Judge Taylor state, PrimeCare cannot be held vicariously responsible for the conduct of its employees. ECF No. 78, pp. 4-5; ECF No. 83, p .8 (case citations omitted). As to any possible claim under *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 692 (1978), there is no plausible claim. Plaintiff provided no factual basis that PrimeCare had a policy that deprived him of a constitutional right. ECF No. 78, pp. 4-5; ECF No. 83, p. 8.

Accordingly, the following order is entered:

## **ORDER**

AND NOW, this 26th day of June, 2026, IT IS ORDERED that PrimeCare Medical Inc's Motion to Dismiss (ECF No. 77) hereby is GRANTED without prejudice. The Court provides Plaintiff with an opportunity to amend the Second Amended Complaint to cure the defects as noted. Any amended complaint must include specific facts that support PrimeCare Inc.'s alleged liability. If Plaintiff chooses to submit to the Court an amended complaint it must be on or before July 27, 2026; and,

IT IS FURTHER ORDERED that Magistrate Judge Taylor's Report and Recommendation (ECF No. 83) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that Defendant PrimeCare Medical Inc. shall be terminated from the case.

This case is returned to the jurisdiction of the Magistrate Judge for further proceedings.

Stephanie L. Haines
United States District Judge

Justin Shank
312 W. Long Avenue
Apartment 7
DuBois, PA  15801

3