## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUSTIN SHANK,                                    )
                                                 )
                    Plaintiff,                   )
                                                 )
         vs.                                     )   Civil Action No. 2:25-cv-12
                                                 )   Judge Stephanie L. Haines
JEFFERSON COUNTY et al.,                         )   Magistrate Judge Kezia O.L. Taylor
                                                 )
                    Defendants.                  )
                                                 )

## MEMORANDUM ORDER

Presently before the Court is a Motion to Dismiss (ECF No. 68) a Second Amended Complaint in Civil Action filed pursuant to 42 U.S.C. § 1983 (ECF No. 62) filed by Defendants Michelle Bailey, Jefferson County, Johnson, Miller, B. Miller, Dustin Myers, Brandon Schott, Snyder, and Woods (collectively "Defendants"). *Pro se* Plaintiff Justin Shank ("Plaintiff") filed the Second Amended Complaint asserting that while he was incarcerated at Jefferson County Jail his civil rights were violated in various ways. He claims a number of deprivations of his civil rights against Defendants, many of which he asserts were caused by the fact that during his incarceration at Jefferson County Jail he was denied his mental health medications.

Defendants filed their Motion to Dismiss (ECF No. 68) and Brief (ECF No. 69) on September 15, 2025. The Court ordered Plaintiff to file a response to the Motion by October 16, 2025 (ECF No. 70). Plaintiff did not file a responsive pleading. The Motion to Dismiss was referred to Magistrate Judge Kezia O.L. Taylor for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On May 21, 2026, Magistrate Judge Taylor filed a Report and Recommendation (ECF No. 82) recommending, in a detailed and through analysis, that the Motion to Dismiss (ECF No. 68)

1

be granted in part and denied in part. The Parties were advised that they had fourteen days to file written objections. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. No objections were filed, and the time to do so has expired.

Upon review of the record and the Report and Recommendation (ECF No. 82) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Taylor in this matter. Judge Taylor properly evaluated each claim under the law and facts provided in Plaintiff's Second Amended Complaint and provided thorough consideration of Defendants' arguments in their Motion to Dismiss.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 29th day of June, 2026, IT IS ORDERED that Defendants' Motion to Dismiss (ECF No. 68) hereby is GRANTED in part and DENIED in part as specified below.

1. Counts I and IV are dismissed without prejudice to Plaintiff amending his retaliation claims to include sufficient facts that connect Plaintiff's protected activities with any adverse actions he may have experienced at the hands of the County Defendants.

2. Count II and Count I in Section V pertaining to the First Amendment, is dismissed without prejudice to Plaintiff amending this claim to add facts to support his position that the lack of religious diet and being left without his Bible for eight days substantially interfered with his ability to practice his religion, in violation of his First Amendment rights.

3. Count II pertaining to RLUIPA is dismissed with prejudice.

4. Counts III and VI in Section V pertaining to Plaintiff's due process claims is dismissed without prejudice.

5. Count V pertaining to Plaintiff's denial of access to courts claim is dismissed with prejudice.

2

6. Count VI and Count VIII in Section V pertaining to the ADA and RA is dismissed with prejudice.

7. Count VIII pertaining to negligence is dismissed with prejudice.

8. Count X pertaining to Plaintiff's freedom of religion claim brought pursuant to the Pennsylvania Constitution is dismissed with prejudice.

9. Defendants' motion to dismiss based on Plaintiff's failure to serve them is denied.

10. Defendants' motion to dismiss Plaintiff's Eighth Amendment deliberate indifference to medical care claims included in Count III and Count II in Section V is denied.

11. Defendants' motion to dismiss Count IV predicated on Plaintiff's placement on suicide watch from December 12, 2024, until December 20, 2024, and his six-month long RHU placement, is denied.

12. Defendants' motion to dismiss the *Monell* claims asserted in both Counts VII is denied.

13. Defendants' motion to dismiss Plaintiff's IIED claim in Count IX, pursuant to the PSTCA, is denied.

The Court provides Plaintiff with an opportunity to amend the Second Amended Complaint to cure the defects as noted in Magistrate Judge Taylor's Report and Recommendation (ECF No. 82). If Plaintiff chooses to submit to the Court an amended complaint it must be on or before July 27, 2026; and,

IT IS FURTHER ORDERED that Magistrate Judge Taylor's Report and Recommendation (ECF No. 82) is adopted as the Opinion of the Court; and,

This case is returned to the jurisdiction of the Magistrate Judge for further proceedings.

Stephanie L. Haines
United States District Judge

Justin Shank
312 W. Long Avenue
Apartment 7
DuBois, PA  15801

3